IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ARMINIUS SCHLEIFMITTEL GmbH,          )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )   1 06CV00644
                                      )
DESIGN INDUSTRIAL, INC D/B/A/         )
DII INTERNATIONAL, APEX PROFILE       )
SANDING TOOLS, INC , PHILIP RICHUK,   )
and FRANK LEODOLTER,                  )
                                      )
                    Defendants.       )

## TEMPORARY RESTRAINING ORDER

BEATY, District Judge

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order [Document #6] pursuant to Rule 65 of the Federal Rules of Civil Procedure and Plaintiff's Request for Expedited Discovery [Document #11]

The Court has reviewed and considered Plaintiff's Motion for Temporary Restraining Order ("TRO") and brief, as well as the supporting affidavits, and heard testimony from several witnesses during a hearing held on August 22, 2006  In order to grant a TRO, this Court must weigh four factors: (1) the likelihood of irreparable harm to the plaintiff if relief is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest  See Blackwelder Furniture Co of Statesville, Inc. v  Seilig Mfg. Co., 550 F.2d 189, 195 (4th Cir 1977)  Of these four factors, the

first two are most important, although "it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Id. In this matter, the Court finds that Plaintiff has made a sufficient preliminary showing to establish that good cause exists to support the issuance of a Temporary Restraining Order until the parties may be heard on the Motion for Preliminary Injunction. Plaintiff has shown that "irreparable injury" will result if Defendants are permitted to use at an upcoming trade show what Plaintiff has preliminarily shown are misappropriated trade secrets. See Merck & Co., Inc. v. Lyon, 941 F. Supp. 1443, 1455 (M.D.N.C. 1996) (Noting that "in most instances, courts presume irreparable harm where a trade secret has been misappropriated.") Plaintiff has further shown that likelihood of irreparable harm to the Defendant is low. This is because under this Order, the Court will only prevent Defendant from making use or sale of *misappropriated* products from Plaintiff. If Defendant did not misappropriate any particular product designs of Plaintiff, Defendant is free to sell such design or products at the trade show and during the time of this TRO. It will be Plaintiff's burden to show during the ensuing litigation in this matter that any particular product designs were misappropriated. The Court further finds that Plaintiff is likely to succeed in this matter, given the testimony of Sherrie Wasserman, Defendants' former chief financial officer, who testified concerning Defendant Philip Richuk's statement that he would be willing to pay someone as much as $100,000 to obtain Plaintiff's trade secrets with respect to product designs. Additionally, Ms. Wasserman testified to mailing a computer at Defendant Richuk's request to

2

the home address of a German employee of Plaintiff at the time that the principals in Plaintiff's firm were out of town. The Court also heard the testimony of Andrzej Holownia, who stated that he was hired by Defendants for the specific purpose of re-creating Plaintiff's tools. Mr Holownia acknowledged that he was only successful in this endeavor after Defendant Frank Leodolter began giving him computer files of the product designs that were written in German and labeled as coming from Plaintiff. The Court finds, in terms of likelihood of success, that it is highly likely, based upon this testimony, that a misappropriation of Plaintiff's trade secrets occurred by Defendants. Notwithstanding, the Court's findings, the Court notes that Defendants repeatedly insisted at the hearing that an arbitration agreement covers this dispute such that Plaintiff would not be successful on the merits before this Court and this matter should be stayed pending arbitration. However, at this time, the Court finds no evidence that the arbitration agreements at issue in an August 2004 agreement covered the alleged theft of trade secrets in May 2005. In fact, the Court notes that that agreement was terminated in November 2004 by letter from Plaintiff to Defendant DII International. Finally, the Court finds that a TRO is in the public interest because public policy favors a free market and disfavors allowing a competitor to drive another competitor out of business by unfairly misappropriating trade secrets.

Based upon the foregoing, the Court will GRANT Plaintiff's Motion for Temporary Restraining Order and GRANT Plaintiff's Request for Expedited Discovery, in the manner set out below.

1. Defendants are hereby enjoined from misappropriating, obtaining, using, or benefitting from any information obtained after August 15, 2004 from any past or present employee of Plaintiff or from Plaintiff's computers, computer systems, or computer network, or from whatever source obtained in connection with Plaintiff

2. Defendants are hereby enjoined from displaying, offering, or selling any products which incorporate the misappropriated design of any Arminius tool or part.

3. Defendants are hereby enjoined from altering, deleting, despoiling, or destroying any files in their possession that contain information originated by Plaintiff or obtained from any past or present employee of Plaintiff or from Plaintiff's computers, computer systems, or computer network, or from whatever source obtained in connection with Plaintiff

Additionally, so that Plaintiff may properly prepare for the preliminary injunction hearing, the Court hereby ORDERS that Defendants shall produce the following documents and things requested in Plaintiff's Motion for Expedited Discovery:

1. Within three (3) business days of the date of this Order, Defendants shall provide Plaintiff with complete copies of (i) the hard drive and/or network server for any computer used by Defendants on or after August 15, 2004; and (ii) the hard drive and/or network server for any personal computer used by Defendants Philip Richuk or Frank Leodolter on or after August 15, 2004, for examination by

4

Plaintiff's forensic expert. However, at Plaintiff's request, Defendants shall also make these items available for examination and copying at Defendants' offices at Plaintiff's expense. At the time of the examination and copying, Defendants' attorney may be present. Any information obtained from these computers is to be kept confidential and is only for use during this litigation.

2. Within three (3) business days of the date of this Order, Defendants shall produce (i) any and all data compilations, computer tapes, discs, and any other electronic media containing information acquired from Plaintiff's computers, computer systems, or computer network, and (ii) any flash drives, wireless network hard drives, or other separable data storage devices, for examination by Plaintiff's forensic expert. However, at Plaintiff's request, Defendants shall also make these items available for examination and copying at Defendants' offices at Plaintiff's expense. At the time of the examination and copying, Defendants' attorney may be present. Any information obtained from these data compilations, flash drives, or hard drives is to be kept confidential and is only for use during this litigation.

3. Plaintiff shall take the oral deposition of Andrzej Holownia, to be taken on August 31, 2006 at 9:30 a.m. at the offices of Tuggle Duggins & Meschan, P.A., 100 N. Greene St., Suite 600, Greensboro, North Carolina, 27401. This deposition may also be videotaped.

Furthermore, this Court ORDERS that Defendants and all persons with notice of this

5

Order are prohibited from destroying, removing, transferring, or altering the documents and things listed in this Order and any other documents otherwise discoverable in this action.

IT IS FURTHER ORDERED pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, that this Temporary Restraining Order shall not become effective until Plaintiff provides security in the amount of $100,000

Upon posting of the required security, this Temporary Restraining Order will remain in effect until 2 00 p m on Monday, August 28, 2006, at which time this Court will hold a hearing in Winston-Salem Courtroom No 1 on Plaintiff's Motion for a Preliminary Injunction

This, the 22nd day of August, 2006

United States District Judge

6

Case 1:06-cv-00644-JAB-WWD   Document 19   Filed 08/22/06   Page 6 of 6