IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARMINIUS SCHLEIFMITTEL GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV00644 |
| | ) | |
| DESIGN INDUSTRIAL, INC. D/B/A/ | ) | |
| DII INTERNATIONAL, APEX PROFILE | ) | |
| SANDING TOOLS, INC., PHILIP RICHUK, | ) | |
| and FRANK LEODOLTER, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND MEMORANDUM OPINION

BEATY, Chief Judge.

This matter is before the Court on a Motion for Judgment on the Pleadings Against Defendant Philip Richuk ("Richuk") [Document #54] by Plaintiff Arminius Schleifmittel GmbH ("Plaintiff"). For the reasons discussed below, Plaintiff's Motion for Judgment on the Pleadings will be denied. In addition, the Court notes that Defendant Richuk previously filed a Motion for Modification of Preliminary Injunction [Document #114], and to the extent any issues remain with respect to that Motion, those issues are also addressed below.

I.   BACKGROUND

Plaintiff originally filed this lawsuit on July 27, 2006, bringing claims for misappropriation of trade secrets in violation of N.C. Gen. Stat. § 66-152 *et seq.*, unfair and deceptive trade practices in violation N.C. Gen. Stat. § 75-1.1 *et seq.*, and common law conversion and civil conspiracy. Plaintiff also filed a Motion for Temporary Restraining Order and Motion

for Preliminary Injunction. The Court held a hearing on the Motion for Preliminary Injunction, at which Defendant Richuk invoked his Fifth Amendment privilege against self-incrimination. The Court ultimately granted the Preliminary Injunction, finding that Plaintiff had established a sufficient basis to support issuance of the Preliminary Injunction, and that Defendant Richuk had failed to present evidence to rebut or refute Plaintiff's showing. Defendant Richuk subsequently filed an Answer, in which he admitted the allegations set forth in paragraph four of the Complaint, namely, "that [Richuk] is an individual currently residing in the Middle District of North Carolina and that he has a management and ownership interest in defendants DII and Apex." (See Answer [Document #51] at 1.) Richuk additionally asserted in his Answer the affirmative defense that Plaintiff's claims "arise out of or are in connection to the Collaboration Agreement between plaintiff and defendants DII and Philip Richuk and as such are subject to the arbitration provision of the Collaboration Agreement, which requires that such disputes be arbitrated in Germany." (Id. at 1-2.) However, with respect to the remainder of the allegations in Plaintiff's Complaint, Richuk's Answer stated that he "respectfully declines to answer [these] allegations by asserting his Fifth Amendment constitutional right against self-incrimination." (Id. at 1.) Plaintiff has now filed the present Motion for Judgment on the Pleadings in response to Richuk's assertion of this Fifth Amendment privilege in his Answer.

In its Motion, Plaintiff contends that it is entitled to judgment on the pleadings against Richuk because Richuk has made a blanket assertion of his Fifth Amendment privilege that is not a sufficient answer under Fed. R. Civ. P. 8(d), and thus Richuk should be deemed to have

2

admitted the allegations in the Complaint. In response, Richuk contends to the contrary that his invocation of the Fifth Amendment privilege in this case is equivalent to a specific denial of Plaintiff's allegations. Richuk further contends that Plaintiff's Motion should not be granted because his affirmative arbitration defense raises material factual disputes, and moreover, that granting judgment against him at this point would risk the prospect of a judgment inconsistent with his Co-Defendants, who have made additional denials and have reserved the right to assert additional affirmative defenses.

II. ANALYSIS OF MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings will operate to dispose of claims "where the material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." Davenport v. Robert H. Davenport, D.D.S., M.S., P.A., 146 F. Supp. 2d 770, 783 (M.D.N.C. 2001) (internal quotations omitted); see also Fed. R. Civ. P. 12(c). "In a judgment on the pleadings setting, a court is strictly constrained to base its decision solely on information obtained from the pleadings." Dobson v. Central Carolina Bank and Trust Co., 240 F. Supp. 2d 516, 519 (M.D.N.C. 2003); see also Fed. R. Civ. P. 12(d) ("If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Under Fed. R. Civ. P. 8(d), "[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." However, at the pleadings stage, if a Defendant makes a specific and limited invocation of the Fifth Amendment

3

privilege against self-incrimination and files a responsive pleading that "answer[s] those allegations that he can and . . . make[s] a specific claim of the privilege as to the rest," the assertion of the privilege does not operate as an admission, and the plaintiff is not entitled to judgment on the pleadings. See North River Ins. Co., Inc. v. Stefanou, 831 F.2d 484, 486 (4th Cir. 1987); see also National Acceptance Co. of America v. Bathalter, 705 F.2d 924, 929 (7th Cir. 1983) (holding that when the privilege against self incrimination is asserted in a responsive pleading, a "defendant's claim of privilege should not [be] deemed an admission" and "a judgment imposing liability cannot rest solely upon a privileged refusal to admit or deny at the pleading stage"); LaSalle Bank Lake View v. Seguban, 54 F.3d 387 (7th Cir. 1995, 390-91) (holding that "deeming an allegation of a complaint to be admitted based on the invocation of the Fifth Amendment privilege without requiring the complainant to produce evidence in support of its allegations would impose too great a cost").[1]

---

[1] The Court notes, however, that when a defendant asserts a Fifth Amendment privilege against self-incrimination in a civil case, that assertion may ultimately result in a conclusion at trial or on a motion for summary judgment that the plaintiff's evidence is unrebutted and that defendant is unable to establish any genuine issue of material fact. See, e.g., Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S. Ct. 1551, 1558, 47 L. Ed. 2d 810 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."); Edmond v. Maryland, 934 F.2d 1304, 1308-09 (4th Cir. 1991); In re Grand Jury Subpoena, 836 F.2d 1468, 1476-77 (4th Cir. 1988). Thus, when the Fifth Amendment privilege is invoked in a civil case, "at trial a civil defendant's silence may be used against him, even if that silence is an exercise of his constitutional privilege against self-incrimination." National Acceptance Co. of America v. Bathalter, 705 F.2d 924, 929 (7th Cir. 1983) (cited with approval in In re Grand Jury Subpoena, 836 F.2d 1468 (4th Cir. 1988)). This Court applied this rule in the present case on Plaintiff's Motion for a Preliminary Injunction, when Defendant Richuk asserted his Fifth Amendment privilege against self-incrimination during the preliminary injunction hearing, and Plaintiff's factual presentation was

In the present case, Richuk's Answer admits "that he is an individual currently residing in the Middle District of North Carolina and that he has a management and ownership interest in defendants DII and Apex." (See Answer [Document #51] at 1.) Richuk also includes in his Answer the affirmative defense that Plaintiff's claims are subject to arbitration. As to the remainder of the allegations in the Complaint, Richuk specifically asserts his Fifth Amendment privilege against self-incrimination as to each individual allegation. Therefore, in view of Richuk's filing of a responsive pleading in which he brings an affirmative defense and specifies the particular allegations to which he asserts his Fifth Amendment privilege, the Court finds that Richuk has "answer[ed] those allegations that he can . . . and [has made] . . . a specific claim of the privilege as to the rest." Stefanou, 831 F.2d at 486. Accordingly, the Court concludes that Plaintiff's Motion for Judgment on the Pleadings should be denied. In addition, to the extent that a Motion for Judgment on the Pleadings may in some circumstances be converted to a Motion for Summary Judgment under Rule 56, the Court finds that there is no basis here to convert the present Motion into a Motion for Summary Judgment. In this regard, the Court notes that any consideration of these issues on summary judgment would instead be appropriate after discovery has closed, in response to any Motions for Summary Judgment that may be filed at that time.

---

therefore taken as unrebutted. (See Order Dated February 15, 2007 [Document #112].) In contrast, a Motion for Judgment on the Pleadings involves a more limited consideration as discussed above.

5

III. DEFENDANT RICHUK'S PREVIOUS MOTION FOR MODIFICATION OF THE PRELIMINARY INJUNCTION

Having resolved the previously-filed Motion for Judgment on the Pleadings, the Court notes that Defendant Richuk had also previously filed a Motion to Modify the Preliminary Injunction [Document #114] in this case, specifically seeking to obtain ongoing access to his prior facility. The parties resolved many of the matters related to that Motion between themselves, and the Court issued an Order addressing these issues, declining to freeze Defendant Richuk's assets, and scheduling a hearing on the remaining issues. (See Order dated April 18, 2007 [Document #118].) Following that hearing, the Court has declined to modify the preliminary injunction up to this time, based on this Court's concerns that Defendant Richuk might remove or alter evidence at the facility or misuse Plaintiff's trade secrets located there, particularly in light of Defendant Richuk's prior conduct in this case, including his previous violation of the Temporary Restraining Order for which he was held in contempt of court. However, the Court notes that discovery in this case will close on June 16, 2008, and any remaining need to preserve evidence in this case may have passed by that time. Therefore, if there are any remaining issues related to the terms of the Preliminary Injunction that have not been resolved by the parties between themselves, particularly relating to Defendant Richuk's access to the facility, the Court will consider any Motion for Modification of the Preliminary Injunction that Defendant Richuk may choose to file after discovery has closed in this case.

IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's Motion for Judgment on the Pleadings Against Defendant Philip Richuk [Document #54] is DENIED. In addition, to the extent that any issues remain with respect to Defendant Richuk's Motion for Modification of the Preliminary Injunction, IT IS ORDERED that Defendant Richuk's Motion for Modification of the Preliminary Injunction [Document #114] is DENIED without prejudice to any future motion to modify the preliminary injunction after discovery has closed in this matter.

This, the 20th day of March, 2008.

United States District Court Judge